*Friday, July 18, 1997*

## DISCIPLINARY DOCKET

**96-2015.   In re Resignation of Wilson.**
This matter is before the court upon respondent William Thomas Wilson's Motion to Purge Contempt Order.   Upon consideration thereof,
   IT IS ORDERED by this court that the motion be, and is, hereby denied.
   LUNDBERG STRATTON, J., would accept respondent's payment plan.
   DOUGLAS and PFEIFER, JJ., would dismiss.

*Monday, July 21, 1997*

## MISCELLANEOUS DISMISSALS

**97-1452.   State ex rel. Rosenbaum v. Hanna.**
This cause originated in this court on the filing of a complaint in prohibition.   Upon consideration thereof,
   IT IS ORDERED by the court, *sua sponte*, that this cause be, and hereby is, dismissed.
   DOUGLAS and F.E. SWEENEY, JJ., dissent and would grant an alternative writ.

*Tuesday, July 22, 1997*

## MOTION DOCKET

**96-221.   State v. Gillard.**
Stark App. No. 95-CA-0257.   Upon consideration of the motion filed by counsel for appellant to stay execution in the above-styled cause pending the exhaustion of state post-conviction remedies, and it appearing from the exhibits to the motion that a petition for post-conviction relief has been filed by appellant with the Stark County Common Pleas Court,
   IT IS ORDERED by the court that said motion be, and the same is hereby, granted, effective July 17, 1997.
   IT IS FURTHER ORDERED by the court that execution of sentence be, and the same is hereby, stayed pending the exhaustion of all proceedings for post-conviction relief before courts of this state, including any appeals.
   IT IS FURTHER ORDERED that counsel for the appellant and for the appellee shall notify this court when all proceedings for post-conviction relief before courts of this state have been exhausted.